HYMAN WANK, Public Administrator of Kings County, as Administrator of the Estate of JAMES PSAROS, Deceased, Appellant, v. NICHOLAS VOLTIS et al., Respondents.— Action to foreclose a mortgage on real property for default in payment of installments of principal and interest, a fire insurance premium, and real estate taxes. The answer, a general denial, pleaded payments of principal amounting to $4,750, leaving a balance due of $1,250, and payment of all installments of interest to and including May 4, 1949. The answer also pleaded that, prior to the commencement of the action, defendants tendered $75 to the plaintiff, alleged to be sufficient to pay all interest due. The bond and mortgage were in the hands of defendants' attorney. On the trial, the answer was amended to plead an additional defense that plaintiff's intestate and the defendants mutually agreed that if defendants would pay $4,000, plaintiff's intestate would accept such payment in full settlement of the debt. On the trial it was conceded that the real estate taxes referred to in the complaint had been paid, and defendants claimed that they had paid the insurance premium referred to in the complaint. The Special Term held that the receipts produced by defendants in support of the defense that the mortgage debt had been reduced to $1,250 and that all installments of interest had been paid to May 4, 1949, were genuine, and also held that the presumption of payment arising from defendants' possession of the bond and mortgage had not been rebutted. Judgment was directed dismissing the complaint. Plaintiff appeals from the judgment entered thereon. Judgment reversed on the law and the facts, with costs, and judgment directed for plaintiff, as prayed for in the complaint, with costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. There was sufficient evidence to support the finding of the Special Term that the mortgage debt had been reduced to $1,250, and that all installments of interest had been paid up to May 4, 1949. Such evidence, however, was not sufficient to support a finding that plaintiff's intestate had agreed to accept $4,000 in full settlement of the debt. The receipts evidencing payments of principal and interest are enclosed in a "Rent — Receipts" book. A stub is attached to each receipt. On the reverse side of each stub is a computation showing interest and principal covered by the attached receipt and the balance of principal due. Defendants' Exhibit J is a receipt for the $4,039 payment. On the reverse side of the stub attached to that receipt there is a similar computation with the following notation: "Bal. 1,250." Thus, defendants' own exhibit indicates that when the $4,000 payment was made, defendants them-

selves understood that $1,250 was still due. This proof would be sufficient to rebut the presumption of payment arising from defendants' possession of the bond and mortgage. No proof was offered by defendants to support the allegation contained in the answer that prior to the commencement of the action they tendered to plaintiff $75 but that plaintiff refused to receive it. As defendants are in default of payments of installments of interest due after May 4, 1949, on the principal sum as reduced to $1,250, judgment as prayed for in the complaint must be directed. Carswell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur. [See *post*, p. 893.]